FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 03 2019 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------X

AMIT PATEL,

      *Plaintiff*,

      -against-

GEORGE P. BEACH II and
NEW YORK STATE POLICE,

      *Defendants*.

------------------------------------X

**NOT FOR PUBLICATION**
**MEMORANDUM & ORDER**

18-CV-7416(KAM)

**MATSUMOTO, United States District Judge:**

Plaintiff Amit Patel filed the above-captioned *pro se* civil rights action purportedly challenging his conviction and incarceration. By Order entered March 6, 2019, and judgment entered March 7, 2019, the court dismissed the Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 11, Mem. & Order; ECF No. 12, Judgment.) On April 10, 2019, the Court received from plaintiff both a Notice of Appeal and a Motion to Vacate the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").[1] (*See* ECF No. 13, Notice of Appeal; ECF No. 14.

---

[1] Plaintiff's documents were received April 10, 2019, but his Rule 60(b) Motion bears a date of April 1, 2019, and is accompanied by an affidavit of service by U.S. Mail which states that it was sent on April 2, 2019. (*See* Rule 60(b) Mot. 9.) Under the "prison mailbox rule," the Court will consider April 2, 2019 as the date plaintiff filed his motion. Because the motion was filed within 28 days of the entry of judgment, March 7, 2019, it is timely and the court will consider the motion pursuant to Rule 4(a)(4)(A)(vi) and Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982) (finding that the 1979 amendments to the Federal Rules of Appellate Procedure expressly authorize the district courts to entertain timely motions to alter or amend a judgment, even after a notice of appeal has been filed); *Hodge ex rel. Skiff*

Rule 60(b) Mot.) For the following reasons, the motion to vacate is denied.

Plaintiff's Complaint asserted that his convictions and incarceration were unconstitutional and sought an investigation into his criminal history records. (See Compl. 3.[2]) The court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff failed to state any grounds for relief, and because habeas corpus, not a civil rights action, is the appropriate avenue to challenge a purportedly unconstitutional conviction or sentence. (Mem. & Order 4-5.)

Plaintiff now asserts that he is entitled to relief from this court's judgment on the grounds of newly discovered evidence that his trial attorney, Todd D. Greenberg, Esq., was secretly working for the District Attorney's Office and conspired with the prosecutors and judges in his criminal case to procure plaintiff's conviction.[3] (ECF No. 15, Pl.'s Aff. ¶

---

v. *Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001) ("[T]he filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed."); *Sankara v. City of New York*, 745 F. App'x 426, 427 (2d Cir. 2018) (dismissing appeal where plaintiff simultaneously filed with the district court a notice of appeal and a Rule 60(b) motion, which deprived the appellate court of jurisdiction over the appeal until the district court took action on the motion).
[2]   Unless otherwise indicated, record citations refer to pagination created by the court's Electronic Case Filing ("ECF") System.
[3]   Plaintiff's motion further alleges "'newly discovered evidence' also shows that two N.Y.P.D. officers intentionally and willfully [arrested] Plaintiff to bolster their arrest records" and that the arresting officers for his underlying offense "willfully and intentionally manufactured evidence," arrested plaintiff without probable cause, and lied under oath in state court. (Pl.'s Aff. ¶¶4-5.) Plaintiff also makes the conclusory allegation that the newly discovered evidence "could not have been discovered

2

7.) Plaintiff attaches the "newly discovered evidence," a series of 2013 letters from the New York City Supervised Release Program to various state and criminal court judges regarding plaintiff's prior convictions, with the notation that copies were delivered to:

> Todd D. Greenberg, Esq.
> Assistant District Attorney

(Pl.'s Aff., App. 1, 7-15.) Plaintiff apparently believes that Mr. Greenberg is therein identified as an Assistant District Attorney, rather than accepting the alternative, and more sensible, interpretation that copies were delivered both to his defense attorney, Mr. Greenberg, *and* to the Assistant District Attorney. Plaintiff also attaches copies of police reports, criminal proceedings, and news reports in support of his renewed challenges to the evidence that was used in his conviction. (*See generally id.* at 16-43.)

Rule 60(b) permits a litigant to seek relief from a final judgment for several enumerated reasons including: "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

---

when the initial Complaint was filed in this case." (*Id.* ¶ 6.) These allegations find no support in the materials plaintiff submitted with his motion, and the court limits its analysis to his claim of newly discovered evidence concerning his trial attorney. In any event, to the extent plaintiff now asserts *new* claims of false arrest or malicious prosecution, a motion to vacate under Rule 60(b) is not a proper remedy.

59(b);" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).

A party seeking relief under Rule 60(b) must show:

(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceedings,
(2) the movant was justifiably ignorant of them despite due diligence,
(3) the evidence is admissible and of such importance that it probably would have changed the outcome, and
(4) the evidence is not merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

The court has carefully considered whether plaintiff's motion to vacate the judgment provides grounds for reopening his case pursuant to Rule 60(b) and finds that it does not. As the court's previous order explained, the complaint failed to state a claim, and any constitutional challenge to plaintiff's conviction or custody should have been brought in a petition for habeas corpus and not as a civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). The letters plaintiff attaches and describes as "newly discovered evidence" all bear dates from 2013 and copies were

sent to his then trial attorney. (*See* App. 1, 6-15.) Whether or not plaintiff learned about these letters when they were sent to his attorney in 2013, had these letters been presented at the time plaintiff filed his complaint, they would not have changed the outcome of the court's decision to dismiss the Complaint.

Accordingly, plaintiff's Rule 60(b) motion is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**
Dated: Brooklyn, New York
May 1, 2019

s/Kiyo A. Matsumoto

**KIYO A. MATSUMOTO**
United States District Judge